## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JUSTIN HINZO,

            Plaintiff,

vs.

SUSANA MARTÍNEZ, Governor of
the State of New Mexico, *et al.*,

            Defendants.

No. 14-CV-1083-MV-KBM

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Justin Hinzo's Motion to Suppress by the Plaintiff Pro Se [Doc. 31], Defendants' Motion to Strike Plaintiff's Motion to Suppress [Doc. #31] [Doc. 34], Plaintiff's Motion to Dismiss Defendants [sic] Motion to Strike [Doc. #34] Plaintiffs [sic] Pro Se Motion to Suppress [Doc. #31] [Doc. 36], the Motion by Plaintiff Requesting Permission to Add Defendants to Litigation [Doc. 49], Plaintiffs [sic] Motion Requesting Permission to Add Witnesses to Plaintiffs [sic] Witness List to Be Able to Testify at Trial [Doc. 57], Defendants' Motion for Summary Judgment [Doc. 59], and Plaintiffs [sic] Motion to Dismiss Defendants [sic] Motion for Summary Judgment; and Plaintiffs [sic] Motion Requesting the "Tolling" of the Statute of Limitations in this Case [Doc. 64]. The Court, having considered the Motions, briefs, attached materials, relevant law, and being otherwise fully-informed, finds that the Motions are well-taken in part and will be **GRANTED IN PART.**

## BACKGROUND

Given the procedural posture presented by these Motions, a general description of facts of this case will suffice.  Plaintiff Justin Hinzo was "convicted of second degree murder and sentenced to 28 years prison in June of 2004."  Doc. 26 ¶ 1.  As of November 30, 2014, the date on which he filed his Complaint, he had "spent seven years in solitary confinement in the Level VI Segregated Housing Unit, New Mexico State Penitentiary, Santa Fe."  Doc 1 ¶ 90.  Moreover, at that time, he had been "held in lockdown for 24 hours a day for the last six weeks, since mid-October 2014."  *Id.* ¶ 2.  During this time, he "has not been allowed to exercise" due to "chronic staff shortage on Level VI."  *Id.* ¶ 4.  According to the Complaint, "in times of 'normalcy,'" Plaintiff "is held 23-hours day in a cramped, concrete, 12 x 7 ft. windowless cell (24 hours a day for the past six weeks)."  *Id.* ¶ 18.  Further, Plaintiff insists that he "has no contact with other human beings," he "is denied regular mental health evaluations," and he "is denied regular physical health examinations."  *Id.* ¶¶ 20-22.  Additionally, he describes other aspects of his confinement as intolerable; for example, he claims that the "food [he receives] does not satisfy basic dietary requirements and, at minimum, lacks nutritional value."  *Id.* ¶ 45.

As a result of this confinement, Plaintiff states that he "is suffering from extreme sensory deprivation," that he "suffers from degenerated discs in his spine so that he is in constant pain," which is "intensifie[d]" by the cot on which he sleeps.  *Id.* ¶¶ 19, 23-24.  In Plaintiff's opinion, this "lack of medical care has so damaged

his body so that he is permanently disabled," "suffers from constant insomnia, able only to sleep one hour per evening," and "suffers from distortion of time, space and perception," including "visual and auditory hallucinations, and constant paranoia, symptoms of manic depression, and hyper-vigilance." *Id.* ¶ 26-29.  Similarly, he asserts that he "suffers from post-traumatic stress disorder resulting from the long-term solitary confinement and chronic physical pain," "suffers from disassociation, loss of vision, and severe panic attacks as a result of his mental illness, chronic pain and confinement," and "suffers from chronic suicidal ideation and debilitating mental illness," such that his "life has been permanently damaged by the infliction of long-term solitary confinement." *Id.* ¶ 33.

Plaintiff asserts that the "New Mexico Corrections Department's policy of 'involuntary inmate Protection' is unconstitutional as it is indefinite, without process, and constitutes cruel and unusual punishment." *Id.* ¶ 8.  Accordingly, Plaintiff filed suit against Defendants, seeking damages in addition to declaratory and injunctive relief for alleged violations of his rights under the Eighth Amendment, Fourteenth Amendment, and the New Mexico Tort Claims Act.  The Parties now move the Court for various forms of relief; the Motions will be consolidated with their corresponding motions to dismiss or to strike, which will be treated as responses for the purposes of this Memorandum Opinion and Order, and will be discussed in turn.

**DISCUSSION**

**I.    Motion to Suppress by the Plaintiff Pro Se [Doc. 31]**

Although captioned as a "Motion to Suppress," this request appears to be a motion *in limine*, in which Plaintiff argues for the exclusion from evidence at trial four categories of evidence that Defendants appear to have obtained when Plaintiff's former attorney, upon withdrawing from this case, "sent the Plaintiff's 'case file' to the NMCD Interstate Compact Coordinator."  Doc. 31. ¶¶ 1, 8.  Specifically, Defendant requests that the Court "suppress" the following: (1) any and all personal correspondence between Plaintiff and his former attorney, (2) evidence regarding "all prior felony proceeding's [sic]" at which he was found to be not guilty, (3) evidence of "internal misconduct report's [sic] or disciplinary hearings or finding's [sic] that have been" dismissed, (4) any and all correspondence between the Plaintiff and anyone else, including his family and friends "that do not have any statements specifically regarding the claim's [sic] raised in" this suit.  *Id.* ¶ 8.  Moreover, Plaintiff alleges that he "know's [sic] for a fact that" after the mail was received by the Interstate Compact Coordinator, someone "went through [the package] and REMOVED crucial evidence, document's [sic], that would PROVE the Plaintiff's claims are TRUE."  *Id.* ¶ 3 (emphasis original).

In Defendants' Motion to Strike Plaintiff's Motion to Suppress [Doc. #31] [Doc. 34], which the Court will interpret as a Response to the Motion to Suppress, Defendants state that this material was received accidentally and argue that "such relief is requested based on the mere fact that some of the materials in his

attorney's file and materials obtained by Defendants by other means- through discovery or otherwise - are the same." Doc. 34 at 4. To this end, Defendants attach an e-mail from Plaintiff's former counsel in which the attorney explains that because Plaintiff "has been moved out of state" and is "no longer at his old address at State Penitentiary of NM," the attorney had "been instructed by corrections to mail his client file to" Ellen Gonzales, the Interstate Compact Coordinator for the New Mexico Corrections Department. Doc. 34 Ex. 1. An affidavit from Gonzales makes clear that she "received said package because it was addressed to me" and opened it because there "was no indication on the outside of envelope that it was intended to be delivered to Justin Hinzo." Doc. 34 Ex. 2. When she realized that the package had not been intended for her, she "immediately sealed the package and set it aside until [she] could determine why the package was addressed to [her]," at which point she "immediately sent the package to be delivered to Justin Hinzo at the State Penitentiary." *Id.* Moreover, given that Gonzales's position with the New Mexico Corrections Department appears generally unconnected with this litigation, there is no basis to believe that Defendants or their attorneys were even aware of the confusion until Plaintiff filed his Motion to Suppress.

In his Motion to Dismiss Defendants [sic] Motion to Strike [Doc. #34] Plaintiffs [sic] Pro Se Motion to Suppress [Doc. #31] [Doc. 36], Plaintiff reiterates his previous Motion. He insists, without factual basis, "that it was the DEFENDANTS [sic] FAULT and RECKLESS ACTIONS by [sic] PROVIDING INCORRECT INFROMATION to the Plaintiffs [sic] previous counsel that the

5

Plaintiff had been transferred out-of-state." Doc. 36 ¶ 2 (emphasis original). Defendants appear to have explained adequately this series of miscommunications; the Court perceives nothing improper in the manner in which Defendants handled the events. However, neither does the Court see any need to "strike" the Motion from the record, rather than merely deny Plaintiff the relief sought therein. The Court understands Defendants' concern regarding the "inject[ion]" of "untrue and prejudicial accusations into the record," but Defendants have availed themselves of the opportunity to offer their own version of events and dispute Plaintiff's allegations. Doc. 34 at 3. Indeed, although Plaintiff's Motion may exhibit some of the structural irregularities endemic to *pro se* filings, the Court does not view it to be so dilatory or spurious as to demand the "disfavored" remedy of striking it from the record. *See, e.g., Jaramillo v. Astrue*, No. CIV 11–0906 JB/ACT, 2013 WL 5934347, at *1 (D.N.M. Sept. 30, 2013) ("Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored.") (internal quotation marks omitted).

While the Court will, of course, enforce any proper invocation of attorney-client privilege, the Court will not rule on any motions *in limine* at this early juncture. Stated simply, without more evidence before it, the Court cannot adequately judge what evidence might be relevant, nor how prejudicial or probative that evidence might be. Even so, Defendants signal in their Motion to Strike that "Plaintiff asks this Court to suppress any and all correspondence between himself

and his former Counsel which are, of course, privileged, and would not be available to Defendants anyway" and "any and all personal correspondence between him and his family members which are not related to the claims raised" and therefore "are, by nature, irrelevant, and would be excluded from discovery." Doc. 34 at 4. This appears to moot, although not definitively, Plaintiff's request with respect to two of the four categories. Of course, nothing in this decision should be read to prejudice Plaintiff's right to file another motion *in limine* in advance of trial. Accordingly, the Court will **DENY** Plaintiff's Motion to Suppress [Doc. 31], Defendants' Motion to Strike [Doc. 34], and Plaintiff's Motion to Dismiss [Doc. 36].

## II.   Motion by Plaintiff Requesting Permission to Add Defendants To Litigation [Doc. 49]

In this Motion, Plaintiff seeks permission to add thirteen additional co-Defendants to this action. *See* Doc. 49 ¶ 1. In making this request, Plaintiff concedes that the deadline to amend his Complaint has passed, but argues that he was only made aware of the deadline after his attorney withdrew in June 2015, two months after the deadline by which to amend his Complaint had passed. *Id.* ¶ 2. In their Response, Defendants argue that permitting such an amendment at this point in the litigation would violate the Court's scheduling order without good cause and prejudices the Defendants. *See generally* Doc. 52. In Plaintiffs' [sic] Objection to Defendants' Response to Plaintiffs [sic] Motion Requesting Permission to Add Defendants to Litigation [Doc. #49] [Doc. 58], Plaintiff repeats that his former attorney "did NOT advise the Plaintiff of any of [the deadlines] as HE was

representing the Plaintiff" and insists that he "WOULD HAVE added these additional parties had he KNOWN of the deadline of April 13, 2015 been [sic] set." Doc. 58 ¶ 3 (emphasis original).  Defendant continues that the addition of these parties will require "NO new discovery" because "the named parties requested are all employee's [sic] of the NMCD and are individuals that either conducted or denied the Plaintiff's Classification Committee Hearing's [sic] or Appeal's [sic] of said hearing's [sic]."  *Id.* ¶ 5.

The Court will deny Plaintiff's request to amend his Complaint.  First, the Court attaches no significance to the fact that a deadline passed while Plaintiff was represented by counsel.  Case management, including scheduling, is traditionally within the ken of attorneys and the conduct of counsel generally binds the client, even where such conduct may disadvantage the client.  *See, e.g.*, *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1189 (10th Cir. 2002) ("Those who act through agents are customarily bound by their agents' mistakes. It is no different when the agent is an attorney."); *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 396 (1993) ("we have held that clients must be held accountable for the acts and omissions of their attorneys.").  Moreover, although Plaintiff avers that he "WOULD HAVE added these additional parties had he KNOWN of the deadline," he does not claim that he did, in fact, seek to add those parties before the deadline, nor that his attorney refused his requests to do so.  *Id.* ¶ 3.  To the contrary, it appears that he has been aware of these potential Defendants since

before the deadline passed and, inexplicably, never took action to add them to the suit.

Second, Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause," for these purposes, requires that "scheduling deadlines cannot be met despite a party's diligent efforts." *Anderson Living Trust v. WPX Energy Production, LLC*, 308 F.R.D. 410, 421 (D.N.M. 2015) (internal quotation marks omitted). Of course, although Plaintiff is *a pro se* litigant and this Court must interpret his filings liberally, his duty to abide by all rules of procedure, including the local rules and the Court's orders, is not abated. *See Keeher v. Dunn*, 409 F. Supp. 2d 1266, 1270 (D. Kan. 2005) ("plaintiffs are not excused from compliance with fundamental rules of procedure because they are proceeding *pro se*. *Pro se* litigants must follow rules of procedure, including local rules."); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (upholding dismissal of a claim predicated on a *pro se* litigant's violation of a local rule that provided that failure timely to respond would result in "a confession" of the matters raised by the moving party); *Solis v. Supporting Hands*, No. CIV 11–0406 JB/KBM, 2013 WL 1897822, at *1 (D.N.M. Apr. 30, 2013) ("because the [*pro se*] Defendants have not filed a timely written response contesting any of the paragraphs in the Plaintiff's statement of the undisputed facts, the Court may take the facts as the Plaintiff has stated them."). Here, Plaintiff has made no showing that would encourage the Court to modify its scheduling order. To the contrary, it merely appears that Plaintiff disagrees with

his former attorney's decision not to amend the Complaint and now seeks to re-litigate this case according to a different strategy.  This he cannot do.  Therefore, the Court will deny Plaintiff's Motion to Add Defendants [Doc. 49].

Third, as practical matter, to the extent that Plaintiff seeks to add these Defendants "for the purpose of SHOWING and PROVING that the Plaintiff was NEVER given a meaningful or fair Classification Review," they ought to be treated as potential witnesses, rather than potential Defendants.  Doc. 58 ¶ 7 (emphasis original).  Indeed, given the list of proposed additional witnesses provided in Plaintiffs [sic] Motion Requesting Permission to Add Witnesses to Plaintiffs [sic] Witness List to Be Able to Testify At Trial [Doc. 57], it appears that the Court's interpretation is correct and that Plaintiff seeks to add these individuals to the suit in order to elicit factual testimony, rather than to hold them liable.  *See* Doc. 57 at 2-3.  To the extent that the Court is correct in this assessment, Plaintiff's request will be addressed in the following section.

### III.   Plaintiffs [sic] Motion Requesting Permission to Add Witnesses to Plaintiffs [sic] Witness List to be Able to Testify at Trial [Doc. 57]

In this Motion, Plaintiff requests leave from the Court to "ADD NEW witnesses to the witness list as these witnesses can provide 'CRUCIAL TESTIMONY' to the FACT that the Plaintiffs [sic] (8th + 14th) United States Const. Rights" were violated by Defendants.  Doc. 57 at 1 (phrasing original).  In their Response, Defendants levy much the same argument as they presented in opposition to Plaintiff's request to add new Defendants to the action.  That is,

Defendants argue that adding new witnesses now, several weeks after the close of discovery, would both violate the Court's scheduling order and prejudice Defendants.  *See* Doc. 61 at 2-3.

Although the reasoning with respect to this Motion largely mirrors the rationale articulated above, the Court will defer judgment on this matter at the present time.  The Court has referred this case to a *pro bono* committee that includes attorneys that may be willing to take this case and represent Plaintiff Hinzo.  Accordingly, because of the importance of this Motion and because counsel may be able to provide more thorough briefing on this matter, the Court will hold Plaintiff's request in abeyance.

## IV.   Defendants' Motion for Summary Judgment [Doc. 59]

### a.   *The Summary Judgment Standard*

Federal Rule of Civil Procedure 56 directs the Court to enter summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In evaluating the Motion before it, the Court will "consider all facts and evidence in the light most favorable to the part[y] opposing summary judgment."  *Ron Peterson Firearms, LLC v. Jones*, 760 F.3d 1147, 1154 (10th Cir. 2014).  In judging whether a *genuine* issue of material fact exists, the Court asks "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way" and "if under the substantive law [the fact] is essential to the proper disposition of the claim."  *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212

(10th Cir. 2014) (internal quotation marks omitted).  Thus, "a mere factual dispute need not preclude summary judgment."  *Sapone v. Grand Targhee, Inc.*, 308 F.3d 1096, 1100 (10th Cir. 2002).

    b.  *The Instant Case*

Defendants' sole basis for seeking summary judgment is that the Statute of Limitations bars Plaintiff's action.  *See* Doc. 59 at 2.  In support of this argument, Defendants assert that "[a]ll of the Plaintiffs claims arise from his alleged wrongful classification in Level VI, which began in 2007 and has been continuous since September 2010" such that "Plaintiff first became aware of the facts supporting his cause of action in July 2007 and no later than September 2010."  Doc. 59 at 3.  In Plaintiffs [sic] Motion to Dismiss Defendants [sic] Motion for Summary Judgement; [sic] and Plaintiffs [sic] Motion Requesting the "Tolling" of the Statute of Limitations in this Case [Doc. 64], which the Court will treat as a Response to Defendants' Motion for Summary Judgment, Plaintiff disputes these predicate facts.  He avers, as he did in his Complaint, that he "has 'NEVER' been released from (23-24) hours a day Solitary Confinement to 'GENERAL POPULATION' for OVER (3020) CONSEUCTIVE DAYS," such that his rights "have NEVER STOPPED BEING VIOLATED."  Doc. 64 at 2-3.  That is, Plaintiff argues, in effect, that his claim should be subject to the "continuing violation" theory and that, therefore, his claim is timely.  *See, e.g.*, *id*. at 3-4.

On the scant facts presented to the Court, it cannot enter judgment as a matter of law in Defendants' favor.  While Defendants argue that the "continuing

12

violation" doctrine does not apply to § 1983 claims, the Court's research reveals that a significant amount of confusion regarding whether this doctrine does, indeed, apply in § 1983 cases. *See, e.g.*, *Vreeland v. Fisher*, Civil Action No. 13–cv–02422–PAB–KMT, 2014 WL 4854739, at *2 (D. Colo. Sept. 29, 2014) ("The Tenth Circuit has declined to decide whether the continuing violation doctrine applies to § 1983 claims."); *Castillo v. Bobelu*, 1 F.Supp.3d 1190, 1200 (W.D. Okla. 2014) ("While the Tenth Circuit has not determined whether the doctrine, which it 'first recognized and applied ... in the Title VII context, extends to § 1983 lawsuits, other appellate courts have.'"); *Fogle v. Slack*, 419 F. App'x. 860, 864 (10th Cir. 2011) ("As the district court noted, however, this court has yet to decide whether the continuing violation doctrine applies in § 1983 cases, and we decline to do so now.").  Given the absence of a Tenth Circuit decision definitively foreclosing relief on these grounds and the viability of the "continuing violation" doctrine in other circuits, the Court cannot hold at this juncture, as a matter of law, that the statute of limitations bars Plaintiff's recovery.  In part, the Court must reach this conclusion because the factual presentation provided by Defendants is too sparse to eliminate the possibility that Plaintiff has suffered "continual unlawful acts" cognizable under the continuing violation doctrine.  *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) ("We have concluded that [a]ssuming the continuing violation doctrine applies to § 1983 claims, the doctrine is triggered by continual unlawful acts, not by continual ill effects from the original violation.") (internal quotation marks omitted).

Therefore, the Court will deny Defendants' Motion for Summary Judgment [Doc. 59].

## CONCLUSION

For the foregoing reasons, the Court disposes of the Motions as follows: Plaintiff Justin Hinzo's Motion to Suppress by the Plaintiff Pro Se [Doc. 31] is **DENIED**, Defendants' Motion to Strike Plaintiff's Motion to Suppress [Doc. #31] [Doc. 34] is **DENIED**, Plaintiff's Motion to Dismiss Defendants [sic] Motion to Strike [Doc. #34] Plaintiffs [sic] Pro Se Motion to Suppress [Doc. #31] [Doc. 36] is **GRANTED**, the Motion by Plaintiff Requesting Permission to Add Defendants to Litigation [Doc. 49] is **DENIED**, Plaintiffs [sic] Motion Requesting Permission to Add Witnesses to Plaintiffs [sic] Witness List to Be Able to Testify at Trial [Doc. 57] is **HELD IN ABEYANCE**, Defendants' Motion for Summary Judgment [Doc. 59] is **DENIED**, and Plaintiffs [sic] Motion to Dismiss Defendants [sic] Motion for Summary Judgment; and Plaintiffs [sic] Motion Requesting the "Tolling" of the Statute of Limitations in this Case [Doc. 64] is **GRANTED IN PART**.

Dated this 27th day of January, 2016.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE


**Robert M. Doughty, III,** *et al.*
Doughty, Alcaraz & deGraauw, P.A.
Albuquerque, NM 87102
***Attorneys for Defendants***

**Justin Hinzo**
*Pro Se*
Penitentiary of New Mexico, Santa Fe
***Plaintiff***