UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JUSTIN HINZO,

      Plaintiff,

v.                                      No. CIV 14-1083 MV/KBM

SUSANA MARTINEZ, Governor of
the State of New Mexico, et al.,

      Defendants.

# ORDER FOR *MARTINEZ* REPORT

      This prisoner civil rights matter, in which Plaintiff now represents himself *pro se*, is before the Court *sua sponte.* Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim. *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

      This case presents a unique procedural posture, which deserves some

explanation. Plaintiff was represented by counsel at the time his Complaint was filed in this Court on November 30, 2014. *See Doc. 1*. The Court issued a Scheduling Order on March 12, 2015, commencing discovery and setting forth pretrial deadlines. *See Doc. 18*. Thereafter, on June 12, 2015, Plaintiff's counsel withdrew, leaving Plaintiff *pro se*. *Doc. 27*.

Defendants filed a motion for summary judgment on October 20, 2015, alleging that Plaintiff's claims were barred by the applicable statute of limitations. *See Doc. 59*. The Court stayed discovery pending resolution of that dispositive motion, explaining that if Plaintiff's claims were to survive the summary judgment motion, the Court would require Defendants to file a *Martinez* Report in order to develop a record sufficient for the presiding judge to ascertain whether there are factual or legal basis for Plaintiff's claims. *See Doc. 63*.

On January 27, 2016, the Court denied Defendant's Motion for Summary Judgment. *Doc. 68*. The presiding judge indicated in her Memorandum Opinion and Order that she had referred Plaintiff's case to the District's *pro bono* committee comprised of attorneys who might be willing to take the case and represent Plaintiff. *Id.* at 11. The Court requested that members of the *pro bono* committee respond by February 16, 2016, if they were willing undertake Plaintiff's representation. Unfortunately, none of the committee members have agreed to represent Plaintiff. As such, the Court must now proceed to the *Martinez* procedure to ensure an orderly consideration of the issues in this case. *See Martinez*, 570 F.2d at 319.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants file a *Martinez* Report in accordance with the instructions below:

1. Defendants' comprehensive *Martinez* Report shall address all of Plaintiff's allegations and should include, but is not limited to: whether documents or other records pertaining to the events exist; and whether prison policies or regulations address the situation;

2. If documents and records do exist, Defendants shall include copies of them as attachments to the *Martinez* Report. Based on prior experience, the Court feels constrained to request that the attachments be arranged in a logical order. Simply copying jumbled prison records will not suffice. The Court also requests that the attachments be Bates-stamped or otherwise be clearly serially marked;

3. Defendants must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* Report;

4. The submission of documents alone shall not be considered in compliance with this Order. Defendants are expected to also prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to them;

5. The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff. Alternatively, they may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments. If so, Defendants must make their objections to the Court fourteen (14) days prior to the *Martinez* Report filing and service date below. The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling;

6. Given the detail required above, the Court will give ample time for the Defendants to accomplish this task. Defendants shall file and serve their *Martinez* Report no later than **Monday, May 16, 2016**;

7. Plaintiff shall file his response to the *Martinez* Report ***(Defendant receives service electronically)*** no later than **Thursday, June 16, 2016**, and

8. Defendants shall file and serve their reply, if any, no later than **Thursday, June 30, 2016.**

> **THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims.** *See Hall,* 935 F.2d 1106.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE